# Commonwealth *v.* Thompson, Appellant.

*Criminal law and procedure—Assault and battery—Self-defense —Charge of the court—Assignments of error—Question upon appeal.*

Upon an appeal from a judgment of sentence on an indictment for assault and battery, the Superior Court will not consider assignments of error complaining of those parts of the charge which relate to counts of the indictment upon which the defendant was acquitted.

Where, upon an indictment for assault and battery, the evidence of the Commonwealth was that the defendant struck the prosecutor over the head with a mattock, and the defendant himself admitted it, the court did not err in telling the jury that the defendant's version of the occurrence differed very little from that of the prosecutor. Evidence that the prosecutor called the defendant a vile name was not sufficient to justify the jury in finding that the blow was struck in self-defense.

Argued May 3, 1922.  Appeal, No. 146, April T., 1922, by defendant, from judgment of Q. S. Clarion Co., Dec. Sessions, 1921, No. 14, on verdict of guilty, in the case of Commonwealth v. Miles C. Thompson.  Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Indictment for assault and battery.  Before SLOAN, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which judgment of sentence was passed.  Defendant appealed.

*Errors assigned* were various parts of the charge of the court.

*Geo. F. Whitmer,* and with him *H. E. Rugh* and *D. C. Corbett,* for appellant.—A charge, whose tendency as a whole is to belittle and prejudice one side, and which is

not in expression and tone a judicial presentation of the case, is error: Phila. T., etc., Co. v. Phila., etc., R. R. Co., 177 Pa. 38; Com. v. Russogulo, 263 Pa. 93; McCabe v. Phila., 12 Pa. Superior Ct. 383.

*A. A. Geary,* and with him *D. M. Geist,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., July 13, 1922:

Defendant was indicted in a bill containing four counts, the first charging assault and battery with intent to kill, the second assault and battery with attempt to maim, the third aggravated assault and battery, and the fourth assault and battery. The trial resulted in a verdict of aggravated assault and battery under the third count, on which the court imposed sentence. Hence this appeal. The appellant's paper-book violates Rules XV and XVII of this court in that the charge of the court below is not printed, except in the ninth assignment of error. When we look there at the charge the parts thereof which are assigned for error in the other eight assignments are not enclosed in brackets with the number of the assignment noted. The appellant was liable to be nonsuited on motion.

All the assignments of error are based upon exceptions taken to the charge of the trial judge. The first three assignments are overruled because they complain of portions of the charge which relate to the first two counts of the indictment, on both of which the defendant was acquitted. Assignments four to eight, inclusive, complain of the correctness of certain excerpts taken from the charge, and the ninth assignment complains of the charge as a whole on the ground that it did not fairly and adequately present the respective contentions of the parties, but on the contrary emphasized and gave undue prominence to the evidence of the Commonwealth and minimized the evidence favorable to the defendant. The defendant struck the prosecutor over the head with a

mattock because the prosecutor called him a vile name. The striking was admitted, and the defendant offered no evidence which would justify the jury in finding that the blow was struck in self-defense. The court did not err in telling the jury that the defendant's version of the occurrence differed very little from that of the prosecutor, an instruction complained of by the fourth assignment. Assignments five, six and seven complain of the instruction of the court as to when one may use force in self-defense. The trial judge properly instructed the jury upon the law on this point, and correctly expressed the view that the defendant had not offered any evidence that would justify him in striking the blow which he inflicted on the prosecutor. After a careful reading of the evidence in the case and the charge of the court, we are not convinced that the charge is subject to the imputation made against it. While the court did not review the testimony, he instructed the jury in a fair and impartial manner upon the law applicable to the evidence touching the issues joined upon the counts in the indictment, upon which the defendant was convicted.

Judgment is affirmed, and the record remitted to the court below, and it is ordered that defendant appear in that court at such time as he may be there called and that he be committed by that court until he has complied with the sentence, or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.